IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LOGISYS, INC. d/b/a BELTMANN INTEGRATED LOGISTICS INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>J. MIKE WILLIAMS, )<br>)<br>Defendant. ) | Case No. 20-cv-00559-GKF-SH |

## OPINION AND ORDER

Before the Court is the motion of Plaintiff Logisys, Inc. d/b/a Beltmann Integrated Logistics, Inc. ("Logisys"), asking the Court for various relief relating to the failure of Defendant J. Mike Williams ("Williams") to respond to discovery requests.

**Background**

Logisys filed this lawsuit on November 2, 2020, asserting claims relating to monies allegedly owed it under a contract with the Cherokee Nation. (ECF No. 1.) On August 13, 2021, Defendant Williams appeared with counsel. (ECF No. 24.) However, on March 4, 2022, all of Williams' counsel moved to withdraw (ECF No. 41), and the Court conditionally granted that withdrawal upon the appearance of substitute counsel or Williams deciding to proceed *pro se* (ECF No. 42). On April 13, 2022, Williams filed a *Statement of Intent to Proceed* Pro Se. (ECF No. 44.)

Pertinent to this motion, on May 9, 2022, Logisys issued discovery requests to Williams that contained requests for admission, interrogatories, and requests for production of documents (the "Discovery Requests," ECF No. 46-1). Logisys served the Discovery Requests by certified mail on Williams at the address he provided in his *Statement of Intent*. (ECF Nos. 46-1 & 46-2.) Williams' responses to the requests were

due on June 13, 2022. *See* Fed. R. Civ. P. 6(d), 33(b)(2), 34(b)(2)(A), 36(a)(3). According to Logisys, Williams has not responded to the discovery requests.

Logisys filed this motion on July 19, 2022. (ECF No. 46.) Logisys variously asks for an order deeming the requests for admission admitted, imposing sanctions, compelling discovery, awarding reasonable attorney fees and costs for prosecuting its motion, and finding that Williams has waived all objections to the Discovery Requests. (*Id.*) Williams' response to Logisys' motion was due on August 9, 2022, *see* LCvR7-1(e), but he filed no response. Pursuant to the local rules, this Court has the discretion to deem Logisys' motion confessed. *Id.* The Court finds Williams has confessed his failure to respond to the Discovery Requests and will address the appropriate relief below.

## Analysis

### I.   The Requests for Admission are Already Deemed Admitted

As for the requests for admission, no order is required for such requests to be deemed admitted. "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves . . . a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). It is undisputed that Williams did not serve any written answers or objections within the time allowed. As a result, the admission has already occurred, because Rule 36(a) is "self-executing" and no motion is required. *See Smith v. Pac. Bell Tel. Co.*, 662 F. Supp. 2d 1199, 1229 (E.D. Cal. 2009) (quoting *FTC v. Medicor LLC*, 217 F. Supp. 2d 1048, 1053 (C.D. Cal. 2002)); *see also Santiny Contractors, LLC v. Sayania*, No. CV 19-780-SDJ, 2021 WL 641379, at *1 (M.D. La. Jan. 19, 2021) (denying motion to have facts contained in the underlying Requests for Admission deemed admitted because the failure to

respond resulted in the automatic admission of the matters requested, rendering the motion moot).

Instead, it will be up to Williams to move—if appropriate—to withdraw or amend his admissions under Rule 36(b) and the standard set forth by the Tenth Circuit in *Raiser v. Utah County*, 409 F.3d 1243, 1246 (10th Cir. 2005). *See also Jiles v. Wright Med. Tech., Inc.*, 313 F. Supp. 3d 822, 851 (S.D. Tex. 2018) ("It was then [non-responding party's] responsibility to file a motion if he wanted relief from the deemed admissions.").

II.   **Williams' Objections to the Interrogatories are Waived; His Objections to the Requests for Production are Not**

While Logisys asks the Court to find Williams' objections to all discovery requests be waived, the Court finds waiver is appropriate only as to the interrogatories.

Rule 33 explicitly states: "Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4). Here, Williams has not shown any cause for his failure to state objections in a timely manner. As such, Williams' objections to the interrogatories are waived.

The Court, however, does not find a similar waiver warranted under Rule 34, which does not contain any provision comparable to the above-quoted language. In so finding, the Court recognizes that other courts have applied the waiver rule to requests for production. *See, e.g.*, *Pulsecard, Inc. v. Discover Card Servs., Inc.*, 168 F.R.D. 295, 303 (D. Kan. 1996); *T.A. by & through Christensen v. Moore Pub. Sch.*, No. CIV-06-858-C, 2007 WL 9710770, at *1 (W.D. Okla. Nov. 19, 2007) ("Federal courts have interpreted Rule 34 to include the same waiver provision that is found in Rule 33(b)(4)."). Cases that find this unwritten addition to Rule 34 appear to do so based on the advisory committee's note to the 1970 amendments, which read—"The procedure provided in Rule 34 is

essentially the same as that in Rule 33, as amended, and the discussion in the note appended to that rule is relevant to Rule 34 as well." *See Pulsecard*, 168 F.R.D. at 303; *T.A.*, 2007 WL 9710770, at *1. However, at the time this note was made, Rules 33 and 34 read differently than they do now. Rule 33 did not then provide a blanket, default waiver of objections to interrogatories. Rather, in 1970, the Committee did away with a prior rule that provided 10 days for objections and 15 days for answers, noting that "[t]he time for objections is even shorter than for answers, and the party runs the risk that if he fails to object in time he <u>may</u> have waived his objection." Fed. R. Civ. P. 33(a), advisory ctte.'s note to 1970 am. (emphasis added). The 1970 amendments then combined the time for objections and answers and extended the period to 30 days. *Id.* There was no provision added to Rule 33 on the blanket waiver of objections. It does not appear, therefore, that the 1970 note to Rule 34 was intended to state that a party waives untimely objections to a request for production, absent good cause shown.

More importantly, since 1970, the rules have been amended multiple times. In 1993, subparagraph (b)(4) was added to Rule 33 "to make clear . . . that unstated or untimely grounds for objection [to interrogatories] are ordinarily waived." Fed. R. Civ. P. 33(b), advisory ctte.'s note to 1993 am. A similar change was <u>not</u> made to Rule 34 for requests for production, and there is nothing in the advisory committee's note from that year indicating that a default waiver rule was intended. *See* Fed. R. Civ. P. 34, advisory ctte.'s note to 1993 am. Given this history, the lack of any waiver language in the rule, and the potentially extreme consequences of a waiver of all objections (potentially including privilege) to document production, the Court is more persuaded by the case law finding that Rule 34 does not include an automatic waiver of objections. *See Ashford v. City of Milwaukee*, 304 F.R.D. 547, 549 (E.D. Wis. 2015). The Court will not deem all objections

to document requests waived, although the untimeliness of Williams' objections could become a factor in further discovery disputes (if any) over those responses or any appropriate motion for sanctions in the future.

### III. Logisys is Entitled to an Order Compelling Responses to the Interrogatories and Requests for Production

Pursuant to Rule 37, a party may move for an order compelling discovery when another party fails to answer an interrogatory or fails to produce documents or allow inspection sought in a request for production. Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv). Here, it is undisputed that Williams has failed to answer the interrogatories or respond to the requests for production. Further, Williams has failed to respond to Logisys' motion or offer any argument as to why he should not be compelled to respond. The Court, therefore, grants Logisys' motion to compel as to the interrogatories and requests for production. Williams shall answer Logisys' interrogatories and respond to its requests for production within 14 days of this Order.

### IV. Logisys May File a Motion for Its Expenses, Including Attorney Fees

Having granted Logisys' motion to compel, the Court must require the party who necessitated the motion (here, Williams) to pay Logisys' reasonable expenses incurred in making the motion, including attorney fees—unless certain specific showings are made. *See* Fed. R. Civ. P. 37(a)(5)(A). However, Williams must be given an opportunity to be heard before the Court makes this determination. Therefore, the Court finds Logisys may file a motion for expenses (including fees) incurred in making the instant motion, and Williams will have the opportunity to respond to that motion.

## V. The Court Will Not Grant Sanctions at This Time

Rule 37 authorizes this Court to award sanctions where a party wholly fails to respond to interrogatories or requests for production. Fed. R. Civ. P. 37(d)(1)(A)(ii). A failure to respond is not excused on the basis that the discovery sought was objectionable unless the objecting party has a pending motion for protective order. Fed. R. Civ. P. 37(d)(2). Again, it is undisputed that Williams wholly failed to respond to Logisys' discovery requests and did not file a motion for a protective order.

However, at this point, the Court finds that the order compelling responses and the award of expenses (including fees) to Logisys should be sufficient to deter Williams from further violations of the rules or any future misconduct. The Court will not award sanctions at this time.

Defendant Williams is warned, however, that he may face sanctions in the future if he fails to respond to the pending discovery as required by this Order or otherwise fails to participate in litigation. Under Rule 37, if a party fails to obey an order to provide or permit discovery, the Court may issue further orders, which may include the following:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A).

IT IS THEREFORE ORDERED that *Plaintiff's Motion to Have Requests for Admissions Deemed Admitted, and for Discovery Sanctions* (the "*Motion*," ECF No. 46) is GRANTED IN PART as follows:

Defendant J. Mike Williams has waived his objections to the interrogatories contained in *Plaintiff Logisys, Inc. First Set of Requests for Admissions, Interrogatories and Production of Documents to Defendant* (the "*Discovery Requests*," ECF No. 46-1);

Defendant Williams shall serve answers to the interrogatories and respond to the requests for production in the *Discovery Requests* by September 2, 2022; and

Plaintiff Logisys, Inc. may file a motion for the expenses (including attorney fees) incurred in making the *Motion*.

ORDERED this 19th day of August, 2022.

_____
SUSAN E. HUNTSMAN, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT